COHEN I.P. LAW GROUP, P.C.
Michael N. Cohen (Cal. Bar. No. 225348)
Christopher C. Barsness (Cal. Bar. No. 222861)
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel: 310-288-4500
Fax: 310-246-9980
michael@patentlawip.com

Attorneys for Plaintiff
SIERRA NETWORK, INC.

FILED
CLERK, U.S. DISTRICT COURT

JUL 1 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA NETWORK, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BNN IMPORT & EXPORT, INC., a Michigan corporation, d/b/a Tobacco Import USA, AlFakher, AlFakher Tobacco USA, and AlFakher Tobacco Trading; **ALFAKHER TRADING COMPANY, LLC**; an entity of unknown origin; **BASSAM HAMADE**, an individual; **NADINE HAMADE**, an individual; Corporations 1-10, Limited Liability Companies A-Z, and Does 1-20 Inclusive,<br><br>Defendants. | CASE NO. CV10 4901-RGK (PJWx)<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT [17 *U.S.C.* §501(a)];**<br>2. **FALSE DESIGNATION OF ORIGIN [15 *U.S.C.* §1125(a)];**<br>3. **TRADEMARK DILUTION [17 *U.S.C.* §1125(c);** *[CALIFORNIA BUSINESS AND PROFESSIONS CODE* §14330 *et seq.*, AND CALIFORNIA COMMON LAW];**<br>4. **UNFAIR BUSINESS PRACTICES** *[CALIFORNIA BUSINESS AND PROFESSIONS CODE* §17200];**<br>5. **UNJUST ENRICHMENT;**<br>6. **FRAUD AND DECEIT;**<br>7. **MISREPRESENTATION; FAILURE TO DISCLOSE;**<br>8. **DECLARATORY RELIEF;**<br>9. **DEMAND FOR ACCOUNTING; DEMAND FOR JURY TRIAL** |

1

COMPLAINT                                    SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

1    COMES NOW, Plaintiff SIERRA NETWORK, INC. ("Sierra" or

2  "Plaintiff") to hereby file its Complaint (the "Complaint") against BNN IMPORT

3  & EXPORT, INC., ("BNN"), BASSAM HAMADE, NADINE HAMADE, AL

4  FAKHER TRADING COMPANY, LLC ("Al Fakher Trading"), Corporations 1-

5  10, Limited Liability Companies A-Z, and Does 1-20 (collectively, "Defendants").

6

7                        **JURISDICTION AND VENUE**

8        1.    This action arises under the copyright laws of the United States, 17

9  U.S.C. § 101 *et seq* as well as out of §43(a) of the Lanham Act for trademark

10  infringement and trademark dilution.  Jurisdiction is conferred upon this Court by

11  virtue of 28 U.S.C. §§1331, 1338(a) and (b), 1367 (a), and 15 U.S.C. § 1121.

12        2.    Venue is proper in this district under 28 U.S.C. §1400(a) and §1391(b)

13  and (c) because on information and belief a substantial part of the events and

14  omissions giving rise to the claims asserted herein occurred within this judicial

15  district, substantial injury occurred in this district, and certain Defendants are

16  subject to personal jurisdiction in this district.

17        3.    Personal jurisdiction exists over Defendants because on information

18  and belief, and, as alleged herein, Defendants conduct business in California and in

19  this judicial district, or otherwise avail themselves of the privileges and protections

20  of the laws of the State of California, such that they do not offend traditional

21  notions of fair play and due process to Defendants in the jurisdiction herein.

22                              **PARTIES**

23        4.    Plaintiff SIERRA NETWORK, INC. ("Plaintiff") is now, and was at

24  the time of the filing of this Complaint and at all intervening times, a corporation

25  organized under the laws of California, with its principal place of business in

26  California.

27        5.    Plaintiff is informed and believes that Defendant BNN IMPORT &

28

COMPLAINT                                    SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

1    EXPORT, INC. ("BNN") is a Michigan corporation with a registered address of
2    1320 McMillan Street, Dearborn, Michigan 48128, and a business office address of
3    7041 Orchard Avenue, Dearborn, Michigan 48126. Plaintiff is further informed
4    and believes that Defendant BNN is operating under fictitious names including "AL
5    FAKHER TOBACCO USA," ALFAKHER TOBACCO TRADING,"
6    "ALFAKHER," and "ALFAKHER TOBACCO," and is utilizing an internet
7    website with a URL of *http://www.alfakheronline.com*, *http://www.alibaba.com*;
8    and *http://www.dubaitobacco.com*.

9         6.    Plaintiff is informed and believes that Defendant BASSAM
10   HAMADE ("B. HAMADE") is an individual residing in the state of Michigan. On
11   information and belief, B. HAMADE is a shareholder and officer of Defendant
12   BNN and its related subsidiaries.

13        7.    Plaintiff is informed and believes that Defendant NADINE HAMADE
14   ("N. HAMADE") is an individual residing in the state of Michigan. On
15   information and belief, N. HAMADE is a shareholder and officer of Defendant
16   BNN and its related subsidiaries.

17        8.    Plaintiff is informed and believes that at all times herein alleged which
18   give rise to the claims asserted herein, Defendants B. HAMADE and N. HAMADE
19   were acting with actual or ostensible authority on behalf of Defendant BNN.

20        9.    Defendants B. HAMADE, N. HAMADE and Defendant BNN shall
21   sometimes be referred to collectively as "Defendants."

22        10.    The true names and capacities, whether individual, corporate, associate
23   of otherwise, of Defendants herein designated by fictitious names Corporations 1-
24   10; Limited Liability Companies A-Z; and Does 1-20, inclusive, are unknown to
25   Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When
26   the true names and capacities of said Defendants have been ascertained, Plaintiff
27   will amend this pleading accordingly.
28

COMPLAINT

SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

11.     Plaintiff further alleges that Corporations 1-10; Limited Liability Companies A-Z; and Does 1-20, inclusive, sued herein by fictitious names are jointly, severally, and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

12.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein that Defendants BNN, Corporations 1-10; Limited Liability Companies A-Z; and Does 1-20, inclusive, and each of them (collectively, "Defendants"), were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## GENERAL ALLEGATIONS

**A.     Subject Matter of Complaint**

13.     The subject matter of this Complaint is premium tobacco products with original, copyrighted packaging design elements, and trademarks and logos connected with the products ("the Property") which are controlled by Plaintiff as the exclusive United States licensee, importer and distributor, by contract from Al Fakher Tobacco Trading & Agencies Co. Ltd. of Jordan and Al Fakher Tobacco Trading LLC of the United Arab Emirates.

14.     Plaintiff is authorized exclusively in the United States to protect Licensor's rights in and to the Property.  Thus, Plaintiff stands in the shoes of the owner of the Property, whether under the trademark "Al-Fakher" (referred to herein as the "Mark") or related trademarks.

15.     Plaintiff's family of famous and distinctive Al Fakher trademarks and trade names is represented by its registered and pending marks win the United States Patent and Trademark Office ("USPTO").  The Mark achieved registration November 11, 2003 on the Principal Register of the United States Patent and

4

1  Trademark Office ("USPTO"), registration number 2,782,619, in International

2  Class 34. A true and correct copy of the Certificate of Registration for the Mark is

3  attached herewith as Exhibit "A."

4      16.   Plaintiff's Al Fakher mark is also recognized throughout the world

5  with registered and pending trademark applications internationally including the

6  E.U., China, Russia, U.A.E., Oman, Iran, Egypt, Bahrain, Canada, and Australia.

7      17.   True and correct copies of pending applications for additional marks,

8  including "Al Fakher Al Fakher," serial numbers 77012850, 77587459, 77758489,

9  in International Classes 30, 34, 16, and 43, are attached herewith as Exhibit "B."

10     18.   To maintain its rights, Plaintiff has submitted a combined Section 8

11  and 15 application for Continuous Use of the Mark and Incontestability status with

12  the USPTO, attached herewith as Exhibit "C."

13     19.   Plaintiff is the exclusive owner of numerous copyrighted original

14  designs for labels and packaging, including 36 label designs for its 36 flavors of

15  tobacco products (the "Copyrighted Designs"). A true and correct copy of the

16  Plaintiff's copyright application for its label design collection on file with the

17  Unites States Copyright Office as of June 4, 2008, is attached herewith as Exhibit

18  "D."

19  **B.   Plaintiff's Reputation and Goodwill in the Relevant Industry**

20     20.   The flavored tobacco industry has long been centered in the Middle

21  East and is a relatively small community of manufacturers and distributors.

22  Defendants have been long aware of Plaintiff's rights in and to the Property due to

23  the widespread recognition and respect for Plaintiff's product line. During all times

24  alleged herein, Defendants have been engaged in intentional repeated, widespread

25  unauthorized distribution and advertisement of sub-standard tobacco products

26  masquerading as Plaintiff's products or trading on Plaintiff's reputation and

27  goodwill. Defendants' packaging misappropriates the Copyrighted Designs and

28

5

COMPLAINT                                          SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

1  Plaintiff's Mark or a colorable imitation of Plaintiff's Mark.

2      21.   Plaintiff has distinguished itself as the international leader in the
3  superior quality Middle Eastern flavored tobacco market, contributing significantly
4  to the wide interest in flavored tobacco and hookah smoked Middle Eastern
5  tobacco.  Plaintiff is courted and hailed due to its famous name recognition which
6  represents quality and distinguished quality and flavor and beautiful, unique and
7  original packaging.

8      22.   Because of Plaintiff's extensive use of the Mark and its Copyrighted
9  Designs, Plaintiff has built up significant goodwill therein and its product line has
10  been praised and recognized in numerous articles appearing in both trade
11  publications and those directed to the general public, and on popular and
12  widespread internet blog sites.

13      23.   The success of Plaintiff's marketing efforts is evidenced by, among
14  other things, unsolicited media attention and multitude of consumer blog sites with
15  unsolicited testimonials which praise Plaintiff's company, the Property, and the
16  products represented.

17  **C.   Defendants' Misuse of the Property and Evidence of Damage to Plaintiff**

18      24.   Plaintiff has recently become aware that Defendant B. HAMADE
19  fraudulently filed with the USPTO a Section 8 Statement of Continuous Use for the
20  Mark, which included false sworn statements that the affiant "is using the mark in
21  commerce on or in connection with all goods or services listed in the existing
22  registration for this class."  Defendant B. HAMADE fraudulently signed the
23  affidavit as the purported "*Owner*."

24      25.   The Statement submitted included a specimen purporting to be the
25  Defendant's evidence of use of the Mark on goods.  However, Defendant B.
26  HAMADE cut the specimen from Plaintiff's copyrighted packaging and
27  fraudulently represented the specimen as Defendant's packaging label.

28

COMPLAINT                                    SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

26.   At various times relevant to the allegations made herein, a substantial number of purchases were made from Defendants of tobacco products which Defendants have continuously and systematically distributed into California and elsewhere masquerading as Plaintiff's Property.  Purchases were made from tobacco lounges, "hookah cafes" and retail shops.

27.   The tobacco products purchased from Defendants were inspected by Plaintiff to determine authenticity.  Upon inspection of the items using Plaintiff's security measures, it was confirmed that the products Defendants sold were in fact being "palmed off" as Plaintiff's tobacco products.

28.   Defendants advertise the infringing tobacco products as the "genuine Al Fakher," the "original Al Fakher," and similar misrepresentations designed to confuse consumers and divert sales from Plaintiff.

29.   Actual confusion has been caused by Defendants' deceptive practices.  Popular internet blog sites and "Hookah Forums" contain numerous consumer comments reflecting this confusion, including among them:  *The box shows something called the 'Al Fakher Trading Corp.'  But it's called Dubai tobacco?"  "...it COULD be another line put out BY Al Fakher."  "...it says 'Al Fakher trading group...  Looks like its tobacco, but not the same brand..."*

30.   Upon information and belief, Defendants' "palming off" of Plaintiff's Property through the manufacture and/or sale of inferior quality tobacco products bearing Plaintiff's Mark and Copyrighted Designs is willful, having been adopted with knowledge of Plaintiff's prior rights in and to the Property, with the intent to confuse and trade on and benefit from the goodwill established by Plaintiff in its protected and well known Property.

31.   At the time of the Complaint, Defendants have continuously and systematically distributed throughout California and the United States thousands of inferior and infringing products, misled and confused consumers, affected

7

1  widespread negative publicity regarding Plaintiff's Property, negatively affected the

2  market price of Plaintiff's goods by selling at below-market prices, and diverted

3  millions of dollars in business away from Plaintiff.

4

5  **FIRST CAUSE OF ACTION**

6  **(Federal Copyright Infringement Against All Defendants, Corporations 1-10;**

7  **Limited Liability Companies A-Z; and Does 1-20, Inclusive)**

8  **[17 U.S.C. §501(a)]**

9      32.    Plaintiff repeats and realleges every allegation set forth in Paragraphs

10  1-28.

11      33.    At all times relevant herein, Plaintiff, as the exclusive U.S. Licensee,

12  held and continues to hold the exclusive rights under Unites States Copyright Law,

13  17 *USC* §101 *et seq*. ("the Copyright Act") to distribute, display, reproduce, license,

14  or prepare derivative works of the Copyrighted Designs throughout the United

15  States.

16      34.    Plaintiff's registered Mark and its pending trademark registrations on

17  public display at the USPTO website further provides constructive notice of

18  Plaintiff's ownership rights in the Copyrighted Designs.

19      35.    Defendants did not seek and failed to obtain the consent or

20  authorization of Plaintiff to utilize, manufacture, reproduce, copy, display,

21  commercially distribute and market in commerce or otherwise the Copyrighted

22  Designs.

23      36.    Without permission, Defendants intentionally and knowingly

24  reproduced, "palmed off," copied, displayed, and manufactured colorable imitations

25  of the Copyrighted Designs by offering, advertising, promoting, retailing, selling,

26  distributing inferior tobacco products whose packaging utilized the Copyrighted

27  Designs.

28

8

COMPLAINT

SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

37.    Defendants intentionally and willfully applied their infringing uses of the Copyrighted Designs to labels, signs, printed notices, packaging, wrappers, tobacco tubs and other receptacles, and internet and other advertisements in connection with the fraudulent sale, offering for sale, distribution, or advertising of Defendants' products.  Defendants thereupon widely, publicly, and continuously offered, advertised, promoted, retailed, sold and distributed inferior tobacco products containing the Copyrighted Designs through their online websites and otherwise.  Defendants have compounded their infringements and other misconduct by creating and disseminating without authorization derivative works (the "Derivative Works") based on the protected Property.

38.    Defendants continuing their infringements of the Copyrighted Designs is in blatant disregard of Plaintiff's protected rights.

## SECOND CAUSE OF ACTION

**(False Designation of Origin and Unfair Competition Against All Defendants Corporations 1-10; Limited Liability Companies A-Z; and Does 1-20, Inclusive)**

**[15 U.S.C. § 1125(a)]**

39.    Plaintiff repeats and realleges every allegation set forth in Paragraphs 1-35.

40.    As evidenced by the trademark registration records submitted with this Complaint, all times relevant herein, Plaintiff, as the exclusive U.S. licensee, held and continues to hold the exclusive rights under United States Trademark Law, 15 USC §1125 ("The Lanham Act") to affix its distinctive trademark ("the Mark") to its products and materials connected with advertising and sale of its products throughout the United States.  Defendants' misappropriation and wrongful use of the Mark violates the Lanham Act, has unfairly competed with and injured Plaintiff,

COMPLAINT

SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

1  and, unless immediately restrained, will continue to injure Plaintiff, causing damage
2  to Plaintiff in an amount to be determined at trial, and will cause irreparable injury
3  to Plaintiff's goodwill and reputation associated with the value of Plaintiff's Mark.

4       41.    Defendants have the legal obligation and responsibility to conduct a
5  search before utilizing a trademark so as not to confuse or deceive consumers as to
6  the origin of its name and Mark.  Defendants have been on notice of Plaintiff's
7  registration, pending registrations, and long-time use of its Mark in commerce.

8       42.    Plaintiff's Mark is distinctive by virtue of its substantial inherent and
9  acquired distinctiveness, extensive use, and the extensive advertising and publicity
10  of the Mark.

11       43.    Defendants' egregious and intentional use and sale and "palming off"
12  of inferior tobacco products bearing Plaintiff's Mark unfairly competes with
13  Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray,
14  and defraud consumers to believe that the substandard tobacco products are genuine
15  tobacco products of Plaintiff.

16       44.    Defendants' continuing and knowing use of Plaintiff's Mark
17  constitutes willful infringement, false designation of origin and unfair competition
18  in violation of Section 43(a) of the *Lanham Act*, 15 *U.S.C.* § 1125 (a).
19
20
### THIRD CAUSE OF ACTION
21  **(Dilution by Tarnishment Against All Defendants, Corporations 1-10; Limited**
22  **Liability Companies A-Z; and Does 1-20, Inclusive)**
23  **[15 U.S.C. § 1125 (c), a *California Business and Professions Code* § 14330 *et***
24  ***seq.*, and California Common Law]**
25       45.    Plaintiff repeats and realleges every allegation set forth in Paragraphs
26  1-41.
27       46.    Plaintiff's Mark is "famous" within the meaning of the Lanham Act
28

COMPLAINT                          SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

1 and is distinctive by virtue of the substantial inherent and acquired distinctiveness

2 of the Mark, the extensive use by Plaintiff, and the wide advertising and publicity of

3 Plaintiff's goods bearing the Mark.

4       47.   As a result of the substantial inherent and acquired distinctiveness in

5 Plaintiff's Mark, extensive use by Plaintiff, and the wide advertising and publicity

6 of the Mark, Plaintiff's Mark has become strong and is widely identified and

7 respected.

8       48.   Upon information and belief, Defendants' unlawful actions began long

9 after Plaintiff's Mark became famous, and Defendants acted knowingly,

10 deliberately and willfully with the intent to trade on Plaintiff's reputation and to

11 dilute Plaintiff's Mark.  Defendants' conduct is willful, wanton, and egregious.

12       49.   The actions of Defendants complained of herein have injured and are

13 likely to continue to injure the business reputation of Plaintiff and its Mark

14       50.   Defendants; intentional sale and "palming off" of inferior tobacco

15 products bearing Plaintiff's Mark unfairly competes with Plaintiff and has caused

16 and is likely to continue to cause confusion, mistake, or deceive, mislead, betray

17 and defraud consumers into believing that the inferior tobacco products are genuine

18 tobacco products of Plaintiff.

19       51.   Defendants' unauthorized and counterfeit use of Plaintiff's famous

20 Mark has diluted and will continue to dilute and tarnish Plaintiff's name and Mark,

21 and is likely to detract from the distinctiveness of Plaintiff's Mark.

22       52.   Defendants' conduct is intended to trade on Plaintiff's reputation and

23 goodwill and the quality and high standards of Plaintiff's products.  Defendants'

24 failure to meet Plaintiff's strict regulations of tobacco quality and manufacture and

25 label design will mar the perception among consumers regarding Plaintiff's

26 products, will tarnish and dilute the strength and value of Plaintiff's Mark, and will

27 saturate the flavored tobacco market with substandard and false products.

28

COMPLAINT                           SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

53.     Defendants' conduct is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believes that the products distributed by Defendants are authentic tobacco products manufactured by Plaintiff.

54.     Defendants' continuing and knowing use of "Al Fakher" and variations constitutes intentional infringement of Plaintiff's common law trademarks in violation of 15 *U.S.C.* § 1125 (c) and California common law, as well as dilution and injury to business reputation in violation of *Cal. Bus. & Prof. Code* § 14330 *et seq.*

55.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

## FOURTH CAUSE OF ACTION

**Unlawful, Unfair, Fraudulent Business Practices Against All Defendants, Corporations 1-10; Limited Liability Companies A-Z; and Does 1-20, Inclusive)**

*[California Business and Professions Code § 17200 et seq.]*

56.     Plaintiff hereby repeats and realleges every allegation set forth in paragraphs 1-52.

57.     Defendants have committed all of the aforesaid acts of infringement and other misconduct deliberately, willfully, maliciously, deceptively and oppressively, without regard to Plaintiff's legal, contractual, and exclusive proprietary rights.

58.     Defendants have long been aware of Plaintiff's rights in and to the Property due to the widespread recognition and respect for Plaintiff's product line.. Defendants have compounded their infringements and other misconduct by

12

COMPLAINT

SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

creating and disseminating Derivative Works without authorization and by continuing their other fraudulent and deceptive acts to Plaintiff's injury.

59.     The acts and practices of the named Defendants as detailed above constitute acts of unlawful, unfair or fraudulent business acts and practices within the meaning of *California Business & Professions Code* § 17200.

60.     These Defendants have engaged in transactions that are in violation of numerous provisions of California law.  Strict liability may be applied even if Defendants' acts have violated only one of the provisions set forth in the relevant statute.

61.     Pursuant to *California Business & Professions Code* § 17203, Plaintiff seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this COMPLAINT and/or ordering that Defendants perform their obligations under the law and cancel any illegal licenses for the Property or any Derivative Works.

62.     Plaintiff additionally requests an order from this Court requiring that Defendants disgorge profits and return or pay to Plaintiff all of Defendants' ill-gotten gains obtained in its illegal transactions, and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or, as equity requires.

63.     Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

**(Unjust Enrichment Against All Defendants, Corporations 1-10; Limited Liability Companies A-Z; and Does 1-20, Inclusive)**

64.     Plaintiff hereby repeats and realleges every allegation set forth in

13

COMPLAINT                                    SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

1  paragraphs 1-60.

2      65.   By virtue of the egregious and illegal acts of Defendants as described

3  above, Defendants have been unjustly enriched in an amount to be proven at trial.

4      66.   Defendants have no justification for appropriating Plaintiff's Property

5  and exclusive proprietary rights except to capitalize on Plaintiff's goodwill for

6  Defendants' own pecuniary gain.  Plaintiff has expended substantial time, resources

7  and effort to obtain an excellent reputation.  As a result of Plaintiff's efforts,

8  Defendants are now unjustly enriched and are benefiting from property rights that

9  rightfully belong to Plaintiff.

10      67.   Defendants' retention of monies gained through its deceptive business

11  practices, infringements, acts of palming off and otherwise would serve to unjustly

12  enrich Defendants and would be contrary to the interests of justice unless the Court

13  orders and equitable remedy.

14

15                    **SIXTH CAUSE OF ACTION**

16  **(Intentional Fraud and Deceit/Fraudulent Concealment Against All**

17  **Defendants, Corporations 1-10; Limited Liability Companies A-Z; and Does**

18                    **1-20, Inclusive)**

19      68.   Plaintiff repeats and realleges every allegation set forth in Paragraphs

20  1-64.

21      69.   Since in or around 2007, Plaintiff began to be notified by customers

22  and colleagues that infringing products were appearing in the marketplace and that

23  online bloggers were discussing the confusion between the infringing products and

24  Plaintiff's Property.  Plaintiff began conducting research to ascertain the activities

25  reported to Plaintiff.  Until that time, there was nothing to make the facts of

26  intentional fraud and deceit susceptible of discovery to Plaintiff and Plaintiff did

27  not have actual or constructive knowledge of the fraud and deceit despite Plaintiff's

28

COMPLAINT                                    SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

1  exercise of usual diligence.

2      70.    Plaintiff's research gave rise to internet postings which reflect that

3  Defendants had been engaged in committing intentional fraud and deceit to

4  Plaintiff's injury.  Plaintiff has also discovered recent exploitations of the

5  Copyrighted Designs and the mark masquerading as Defendants' property with not

6  attribution of authorship and ownership to Plaintiff.

7      71.    Defendants' fraud and deceit is based on:

8      (a)    With each advertisement of its tobacco products and each sale,

9  Defendants intentionally concealed the material fact that their tobacco products are

10  being palmed off as genuine products of Plaintiff;

11      (b)    With each advertisement of its tobacco products and each sale,

12  Defendants intentionally concealed the material fact that the mark utilized by

13  Defendants and the label designs utilized on Defendants' products misappropriate

14  and infringe on Plaintiff's Copyrighted Designs and mark;

15      (c)    Prior to its advertising and sale of its fraudulent tobacco products,

16  Defendants intentionally concealed the material fact of their intention to mislead

17  consumers and infringe Plaintiff's Property when Plaintiff's products, Mark and

18  Copyrighted Designs attained a sufficient level of consumer interest, fame and

19  financial success;

20      (d)    Defendants concealed the material facts that they were engaged in

21  illegal licensing agreements utilizing Plaintiff's Property;

22      (e)    Defendants concealed the material facts that they attempted to register

23  their infringing works based on Plaintiff's Property for copyright and trademark;

24      (f)    Defendants concealed the material facts that they planned to submit to

25  the USPTO a fraudulent Section 8 Statement of Continuous Use of the Mark, which

26  included false sworn statements that the affiant "is using the mark in commerce on

27  or in connection with all goods or services listed in the existing registration for this

28

1  class," and that Defendant B. HAMADE planned to fraudulently sign the affidavit

2  as the purported "Owner";

3      (g)    Defendants concealed the material facts that they planned to

4  misappropriate Plaintiff's copyrighted packaging and fraudulently represent the

5  specimen as Defendant's packaging label to the USPTO with Defendants' Section 8

6  filing;

7      (h)    Defendants knew that the concealed facts described above were

8  material;

9      (i)    Plaintiff had no knowledge of the facts concealed by Defendants and

10  the facts were inaccessible to Plaintiff until plaintiff began to hear rumors of

11  Defendants' fraudulent activities in or around 2007;

12      (j)    Defendants intentionally concealed the facts set forth above with the

13  intent to defraud Plaintiff, deprive Plaintiff of Plaintiff's hard earned goodwill, as

14  well as to confuse and mislead consumers;

15      (k)    Had Plaintiff been aware of the facts, Plaintiff would not have

16  permitted the infringements and the confusion in the market place and other illegal

17  activities committed by Defendants;

18      (l)    As a result of the concealment of the facts, Plaintiff, its Property, its

19  goodwill and reputation have sustained irreparable damage.

20      72.  Defendants' continuing unlawful creation, license, advertisement, sale

21  and registration furthers the fraud and deceit of Defendants.

22  ### SEVENTH CAUSE OF ACTION

23  **(Misrepresentation; Failure to Disclose Against All Defendants, Corporations**

24  **1-10; Limited Liability Companies A-Z; and Does 1-10, Inclusive)**

25  **(U.S.C. §43(d))**

26      73.  Plaintiff hereby incorporates each and every allegation contained in

27  paragraphs 1-69.

28

COMPLAINT                    SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

74. Defendant B. HAMADE made numerous misrepresentations and contradictory representations and failed to disclose material facts to Plaintiff in connection with the Marks and in communications regarding Defendant B. HAMADE's Section 8 filing with the USPTO.

(a)   Defendant B. HAMADE represented that he would not use without authorization any of Plaintiff's Property, the Mark, or any of Plaintiff's intellectual properties;

(b)   Defendant B. HAMADE concealed the material facts that he planned to submit to the USPTO a fraudulent Section 8 Statement of Continuous Use for the Mark, which included false sworn statements that the affiant "is using the mark in commerce on or in connection with all goods or services listed in the existing registration for this class," and that he planned to fraudulently sign the affidavit as the purported "Owner";

(c)   Defendant B. HAMADE concealed the material facts that he planned to misappropriate Plaintiff's copyrighted packaging and fraudulently represent the specimen as Defendant's packaging label to the USPTO with Defendant's Section 8 filing;

(d)   Prior to its advertising and sale of its fraudulent tobacco products, Defendants intentionally concealed the material fact of their intention to mislead consumers and infringe Plaintiff's Property when Plaintiff's products, Mark and Copyrighted Designs attained a sufficient level of consumer interest, fame and financial success;

(e)   Defendants concealed the material facts that they were engaged in illegal licensing agreements utilizing Plaintiff's Property;

(f)   Defendants concealed the material facts that they attempted to register their infringing works based on Plaintiff's Property for copyright and trademark.

17

COMPLAINT

SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

## NINTH CAUSE OF ACTION

**(For Accounting Against All Defendants Corporations 1-10; Limited Liability Companies A-Z; and Does 1-10, Inclusive)**

80.     Plaintiff repeats and realleges every allegation set forth in Paragraphs 1-76.

81.     As exclusive copyright owners of the Property, Plaintiff is entitled under U.S. Copyright law to an accounting from earnings received as a result of exploitation of the Property.

82.     As exclusive owner of the Mark under the Lanham Act, Plaintiff is entitled to an accounting from earnings received as a result of uses of the Mark.

83.     There is a substantial risk that there will be multiplicity of judicial proceedings unless Defendants, and each of them, and all persons claiming under them, are required to account to Plaintiff for the revenues, advances, and royalties relating to the production, marketing, promotion, distribution, sale, release, display, broadcast and licensing of the Property and of goods or services sold under the Mark.

84.     Therefore, Plaintiff requests an order from the court compelling Defendants, and each of them, to account for all expenses and costs and revenues, advances and royalties relating to the production, marketing, promotion, distribution, sale, release, display, broadcasting, and licensing of the Property and derivative works or use of the mark.

**WHEREFORE**, Plaintiff SIERRA NETWORK, INC. prays for judgment against Defendants, as follows:

A. For damages in an  amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a)

B. For damages in an amount to be proven at trial for false designation of

COMPLAINT                                        SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

1    origin under 15 *U.S.C.* §1125(a);

2    C. For damages in an amount to be proven at trial for trademark dilution

3        under 15 *U.S.C.* §1125(c);

4    D. For damages in an amount to be proven at trial for unfair, fraudulent, and

5        illegal business practices under *Business and Professions Code* §17200

6    E. For disgorgement of Defendants' profits under 15 *U.S.C.* §1117(a);

7    F. For the Court to enter a declaratory judgment against the Defendants, and

8        each of the, in accordance with the relief requested by Plaintiff;

9    G. For an injunction by this Court prohibiting Defendants from engaging or

10       continuing to engage in the unlawful, unfair, or fraudulent business acts or

11       practices described herein;

12   H. For an order from the Court requiring that Defendants provide complete

13       accountings and fort equitable relief, including that Defendants disgorge

14       and return or pay their ill-gotten gains obtained from the illegal

15       transactions entered into and or pay restitution, including the amount of

16       monies that should have been paid if Defendants' complied with their

17       legal obligations, or as equity requires;

18   I. For an order from the Court that an asset freeze or constructive trust be

19       imposed over all monies and profits in Defendants' possession which

20       rightfully belong to Plaintiff;

21   J. A judgment ordering Defendant to take all steps necessary to cancel or

22       remove any Al Fakher dba's or related fictitious business from the records

23       of the office of the County Clerk, Michigan, the Secretary of State of

24       Michigan, and Secretary of State of each state or clerk of any county in

25       which Defendants or its other entities are incorporate and qualified to do

26       business, and to otherwise take all steps necessary to change Defendants

27       business name;

28

20

K. For destruction of the infringing articles in Defendants' possession under 15 *U.S.C.* §1118;

L. A judgment that Plaintiff be awarded its costs and disbursement incurred in connection with action, including Plaintiff's reasonable attorneys' fees and investigative expenses; and

M. Adjudge that all such other relief be awarded to Plaintiff as this Court deems just and proper.

DATED: June 30, 2010           Respectfully submitted,

By: _____

Michael N. Cohen
Christopher C. Barsness
COHEN IP LAW GROUP, P.C.
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Telephone: (310) 288-4500
Facsimile: (310) 246-9980
Michael@patentlawip.com

Attorneys for Plaintiff
SIERRA NETWORK, INC.

21

COMPLAINT                          SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sierra Network, Inc. respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

DATED: June 30, 2010               Respectfully submitted,

By: _____
    Michael N. Cohen
    Christopher C. Barsness
    COHEN IP LAW GROUP, P.C.
    9025 Wilshire Blvd., Suite 301
    Beverly Hills, California 90211
    Telephone: (310) 288-4500
    Facsimile: (310) 246-9980
    Michael@patentlawip.com

    Attorneys for Plaintiff
    SIERRA NETWORK, INC.

22

COMPLAINT                    SIERRA NETWORK, INC. vs. BNN IMPORT, INC., et. al

# EXHIBIT A

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9, and 17

**Reg. No. 2,782,619**

## United States Patent and Trademark Office

Registered Nov. 11, 2003

### TRADEMARK
### PRINCIPAL REGISTER

### AL-FAKHER

HAMADE, BASSAM (LEBANON INDIVIDUAL)
1320 MCMILLAN
DEARBORN, MI 48128

FOR: FLAVORED TOBACCO, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 1-10-1995; IN COMMERCE 1-15-2001.

THE NAME IN THE MARK DOES NOT IDENTI-FY A LIVING INDIVIDUAL.

SN 76-315,226, FILED 9-21-2001.

YSA DEJESUS, EXAMINING ATTORNEY

# EXHIBIT B



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Jun 30 03:56:21 EDT 2010*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

| **Word Mark** | AL FAKHER AL FAKHER |
| **Translations** | The non-Latin characters in the mark transliterate to Il tom il haqiqi lil ma'asil al fakher al khas alazee la matheel laho, ma'asil fakher, and this means "The incomparable taste of Al Fakher Molasses, Al Fakher Molasses" in English. |
| **Goods and Services** | IC 016. US 002 005 022 023 029 037 038 050. G & S: Paper, cardboard and goods made from these materials, namely, printed advertisement boards of paper, cardboard almanacs, announcement cards, boxes of cardboard and paper, calendars, document covers, envelopes, note books, writing pads, waxed paper, prints and engravings, printed timetables, paper board, wrapping paper, writing and drawing papers, pennants of paper, filter paper, packing paper, printing paper, document files, office labeling machines, posters, pictures, placards of paper and cardboard, printed paper signs, packing materials, namely, absorbent pads of paper and cellulose for use in food packaging, cardboard packaging, industrial packaging containers of paper, packaging materials for packing, packaging, namely, blister cards, paper bags for packaging, paper envelopes for packaging, paper for wrapping and packaging, paper packaging and containers for food and beverages comprised of materials designed to lessen adverse effects on the environment, paper pouches for packaging, paperboard boxes for industrial packaging, plastic bags for packaging, plastic bubble packs for wrapping or packaging, plastic or paper bags for merchandise packaging, bookbindings; photographs; stationery; adhesives for stationery or household purposes; paint brushes; typewriters; office requisites, namely, paper cutters, paper knives, pencil lead holders, pencils, penholders, pens, addressing machines, plates for addressing machines, seals, impression stamps, cases for impression stamps, envelope sealing machines, letter openers, document laminators, paper perforators; printers' type; printing blocks; cigar bands

IC 034. US 002 008 009 017. G & S: Tobacco, smokers' articles, namely, cigarette paper, cigarette holders not of precious metal, tobacco pouches, smoking pipe racks, smoking pipe cleaners, absorbent paper for tobacco pipes, cigarette cases not of precious metal, cigar cases not of precious metal, match boxes, lighters not of precious metal, hookahs; matches

IC 043. US 100 101. G & S: Serving food and drinks, namely, cafes, coffee shops, cafeterias, |

restaurants, self service restaurants and snack bars; catering of food and drink

| | |
|---|---|
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.09.07 - Advertising, banners; Banners<br>24.11.01 - Crowns closed at the top<br>26.03.01 - Ovals as carriers and single line borders<br>26.03.02 - Ovals, plain single line; Plain single line ovals<br>28.01.01 - Arabic characters<br>28.01.25 - Cyrillic characters (Russian); Hieroglyphic characters; Inscriptions in other non-Latin characters; Russian characters (Cyrillic) |
| **Serial Number** | **77012850** |
| **Filing Date** | October 3, 2006 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | May 18, 2010 |
| **Owner** | (APPLICANT) Al Fakher for Tobacco Trading & Agencies Co., Ltd. COMPANY JORDAN P.O. Box 911145 Amman JORDAN 11191 |
| **Attorney of Record** | Michael N. Cohen |
| **Prior Registrations** | 2782619 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MA'ASIL" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the words "AL FAKHER" in Arabic and Latin Characters with an arbitrary design including a crown, an oval and a banner. The stippling is a feature of the mark. |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Other Data** | The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual. |
| **Live/Dead Indicator** | LIVE |

TESS HOME  NEW USER  STRUCTURED  FREE FORM  BROWSE DICT  SEARCH OG  TOP  HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

http://tess2.uspto.gov/bin/showfield?f=doc&state=4010.274: 62.1



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Jun 30 03:56:21 EDT 2010*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*





| | |
|---|---|
| **Word Mark** | AL FAKHER AL FAKHER |
| **Translations** | The non-Latin characters in the mark transliterate to "AL FAKHER", and this has no meaning in a foreign language. |
| **Goods and Services** | IC 030. US 046. G & S: Coffee |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.07.07 - Prize ribbons; Ribbons, prize<br>24.11.01 - Crowns closed at the top<br>26.03.01 - Ovals as carriers and single line borders<br>28.01.01 - Arabic characters |
| **Serial Number** | 77587459 |
| **Filing Date** | October 7, 2008 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | May 4, 2010 |
| **Owner** | (APPLICANT) Al-Fakher for Tobacco Trading and Agencies Co. Ltd. CORPORATION JORDAN P.O. Box 911145 Amman 11191 JORDAN |
| **Attorney of Record** | Michael N. Cohen |
| **Prior Registrations** | 2782619 |
| **Description of** | The color(s) red, white, black and yellow is/are claimed as a feature of the mark. The mark consists |

| | |
|---|---|
| **Mark** | of the words "AL FAKHER" and its Arabic equivalent in white, outlined in red and black, above a crown in red and yellow, above a yellow circle outlined in red with the Arabic characters for the words "AL FAKHER" inside in red, and, below that, a yellow ribbon outlined in red with the words "AL FAKHER" in red on the ribbon. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Other Data** | The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual. |
| **Live/Dead Indicator** | LIVE |

TESS HOME · NEW USER · STRUCTURED · FREE FORM · BROWSE DICT · SEARCH OG · TOP · HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Jun 30 03:56:21 EDT 2010*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

**Logout** Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | AL FAKHER AL FAKHER |
| **Translations** | The non-Latin characters in the mark transliterate to "AL FAKHER" and this means "fancy, elegant, luxurious" in English. The English translation of "AL FAKHER" in the mark is "fancy, elegant, luxurious". |
| **Goods and Services** | IC 030. US 046. G & S: Coffee based beverages; coffee; coffee beverages with milk; tea based beverages; tea; iced tea; honey; sherbets; chewing gum not for medical purposes |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.09.07 - Advertising, banners; Banners<br>24.11.01 - Crowns closed at the top<br>26.03.21 - Ovals that are completely or partially shaded<br>28.01.01 - Arabic characters |
| **Serial Number** | 77758489 |
| **Filing Date** | June 12, 2009 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 1, 2010 |
| **Owner** | (APPLICANT) Al-Fakher for Tobacco Trading and Agencies Co. Ltd. CORPORATION JORDAN P.O. Box 911145 Amman JORDAN 11191 |
| **Attorney of Record** | Michael N. Cohen |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the words "AL FAKHER" and its Arabic equivalent, the words "AL FAKHER" also appearing directly above within a ribbon and the Arabic equivalent within an oval topped with a crown. |

| | |
|---|---|
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY.

# EXHIBIT C

Document Description: **Section 8 and 15**
   Mail / Create Date: **07-Aug-2009**

| Previous Page | | **Next Page** | You are currently on page | 1 | of | 5 | ▦ |

PTO Form 1583 (Rev 5/2006)
OMB No. 0651-0055 (Exp 12/31/2011)

# Combined Declaration of Use and Incontestability under Sections 8 & 15

## The table below presents the data as entered.

| Input Field | Entered |
| --- | --- |
| **REGISTRATION NUMBER** | 2782619 |
| **REGISTRATION DATE** | 11/11/2003 |
| **SERIAL NUMBER** | 76315226 |
| **MARK SECTION** | |
| **MARK** | AL-FAKHER |
| **OWNER SECTION (current)** | |
| **NAME** | Hamade, Bassam |
| **STREET** | 1320 McMillan Street |
| **CITY** | Dearborn |
| **STATE** | Michigan |
| **ZIP/POSTAL CODE** | 48128-1380 |
| **COUNTRY** | US |
| **OWNER SECTION (proposed)** | |
| **NAME** | Al Fakher for Tobacco Trading & Agencies Co. Ltd. |
| **STREET** | P.O. Box 20037 |
| **CITY** | Amman, Jordan |
| **STATE** | Michigan |
| **COUNTRY** | United Arab Emirates |
| **PHONE** | 971 6 7425500 |
| **FAX** | |

| | 971 6 7425505 |
|---|---|
| EMAIL | srabin@johnsonpham.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |

### ATTORNEY SECTION (current)

| | |
|---|---|
| NAME | BASSAM HAMADE |
| FIRM NAME | 1320 MCMILLAN STREET |
| STREET | DEARBORN, MI 48128-1380 |
| PHONE | 818-888-7540 |
| FAX | 818-888-7544 |
| EMAIL | srabin@johnsonpham.com |

### ATTORNEY SECTION (proposed)

| | |
|---|---|
| NAME | Susan Rabin |
| FIRM NAME | Johnson & Pham LLP |
| INTERNAL ADDRESS | Suite 115 |
| STREET | 6355 Topanga Canyon Blvd. |
| CITY | Woodland Hills |
| STATE | California |
| POSTAL CODE | 91367 |
| COUNTRY | United States |
| PHONE | 818-888-7540 |
| FAX | 818-888-7544 |
| EMAIL | srabin@johnsonpham.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| ATTORNEY DOCKET NUMBER | 002-1317 |
| OTHER APPOINTED ATTORNEY | Christopher Q. Pham |

### DOMESTIC REPRESENTATIVE SECTION (new)

| | |
|---|---|
| NAME | Sierra Network Inc. |
| INTERNAL ADDRESS | Suite 115 |
| STREET | c/o Johnson Pham LLP-6355 Topanga Cyn Bl |

| CITY | Woodland Hills |
|---|---|
| STATE | California |
| POSTAL CODE | 91367 |
| COUNTRY | United States |
| PHONE | 818-888-7540 |
| FAX | 818-888-7544 |
| EMAIL | srabin@johnsonpham.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |

## GOODS AND/OR SERVICES SECTION

| INTERNATIONAL CLASS | 034 |
|---|---|
| GOODS OR SERVICES | KEEP ALL LISTED |
| SPECIMEN FILE NAME(S) | |
| JPG FILE(S) | \\TICRS\EXPORT7\IMAGEOUT7\763\152\76315226\xml4\81 50002.JPG |
| ORIGINAL PDF FILE | SPN0-9926220193-185335712_._Sec_8___15_doc.pdf |
| CONVERTED PDF FILE(S) (2 pages) | \\TICRS\EXPORT7\IMAGEOUT7\763\152\76315226\xml4\8150003.JPG |
| | \\TICRS\EXPORT7\IMAGEOUT7\763\152\76315226\xml4\8150004.JPG |
| SPECIMEN DESCRIPTION | Packaging with words "Al Fakher" in stylized font; slogan, "The Incomparable Special Taste of Al Fakher" underneath; logo of yellow circle with crown on top and Arabic letters inside circle representing "Al Fakher"; graphic of grapes and hookah; words "Grape Flavour" at the bottom of package. |

## PAYMENT SECTION

| NUMBER OF CLASSES | 1 |
|---|---|
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 300 |
| TOTAL FEE PAID | 300 |

## SIGNATURE SECTION

| SIGNATURE | |
|---|---|

| | /susan rabin/ |
|---|---|
| **SIGNATORY'S NAME** | Susan Rabin |
| **SIGNATORY'S POSITION** | Attorney of record, California Bar Member |
| **DATE SIGNED** | 08/07/2009 |
| **PAYMENT METHOD** | CC |
| **FILING INFORMATION** | |
| **SUBMIT DATE** | Fri Aug 07 19:15:06 EDT 2009 |
| **TEAS STAMP** | USPTO/S08N15-99.26.220.19 3-20090807191506290849-27 82619-4405eca34ac8acfd669 c55633f0f3a98037-CC-4356- 20090807185335712904 |

PTO Form 1583 (Rev 5/2006)
OMB No. 0651-0055 (Exp 12/31/2011)

## Combined Declaration of Use and Incontestability under Sections 8 & 15

## To the Commissioner for Trademarks:

**REGISTRATION NUMBER:** 2782619
**REGISTRATION DATE:** 11/11/2003

**MARK:** AL-FAKHER

The owner, Al Fakher for Tobacco Trading & Agencies Co. Ltd., having an address of
    P.O. Box 20037
    Amman, Jordan, Michigan
    United Arab Emirates
is filing a Combined Declaration of Use and Incontestability under Sections 8 & 15.

For International Class 034, the mark is in use in commerce on or in connection with **all** of the goods or services listed in the existing registration for this specific class; **and** the mark has been continuously used in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce on or in connection with **all** goods or services listed in the existing registration for this class. Also, no final decision adverse to the owner's claim of ownership of such mark for those goods or services exists, or to the owner's right to register the same or to keep the same on the register; and, no proceeding involving said rights pending and not disposed of in either the U.S. Patent and Trademark Office or the courts exists.

The owner is submitting one specimen for this class showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) Packaging with words "Al Fakher" in stylized font; slogan, "The Incomparable Special Taste of Al Fakher" underneath; logo of yellow circle with crown on top and Arabic letters inside circle representing "Al Fakher"; graphic of grapes and hookah; words "Grape Flavour" at the bottom of package..

**JPG file(s):**
Specimen File1
**Original PDF file:**
SPN0-9926220193-185335712_._Sec_8___15_doc.pdf
**Converted PDF file(s) (2 pages)**
Specimen File1
Specimen File2

The registrant hereby appoints Susan Rabin and Christopher Q. Pham of  Johnson & Pham LLP
    Suite 115
    6355 Topanga Canyon Blvd.
    Woodland Hills, California 91367
    United States
to file this Combined Declaration of Use and Incontestability under Sections 8 & 15 on behalf of the registrant.  The attorney docket/reference number is 002-1317.

The registrant hereby appoints Sierra Network Inc., having an address of
    Suite 115
    c/o Johnson Pham LLP-6355 Topanga Cyn Bl
    Woodland Hills, California 91367
    United States
as registrant's representative upon whom notice or process in the proceedings affecting the mark may
be served.

A fee payment in the amount of $300 will be submitted with the form, representing payment for 1
class(es), plus any additional grace period fee, if necessary.

### Declaration

*The mark is in use in commerce on or in connection with the goods and/or services identified above,
as evidenced by the attached specimen(s) showing the mark as used in commerce. The mark has been
in continuous use in commerce for five (5) consecutive years after the date of registration, or the date
of publication under Section 12(c), and is still in use in commerce. There has been no final decision
adverse to the owner's claim of ownership of such mark, or to the owner's right to register the same or
to keep the same on the register; and there is no proceeding involving said rights pending and not
disposed of either in the U.S. Patent and Trademark Office or in the courts.*

The undersigned being hereby warned that willful false statements and the like are punishable by fine
or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the
like may jeopardize the validity of this document, declares that he/she is properly authorized to
execute this document on behalf of the Owner; and all statements made of his/her own knowledge are
true and that all statements made on information and belief are believed to be true.


Signature: /susan rabin/    Date: 08/07/2009
Signatory's Name: Susan Rabin
Signatory's Position: Attorney of record, California Bar Member

Mailing Address **(current)**:
  1320 MCMILLAN STREET
  DEARBORN, MI 48128-1380
  ,

Mailing Address **(proposed)**:
  Johnson & Pham LLP
  6355 Topanga Canyon Blvd.
  Woodland Hills, California 91367

Serial Number: 76315226
Internet Transmission Date: Fri Aug 07 19:15:06 EDT 2009
TEAS Stamp: USPTO/S08N15-99.26.220.193-2009080719150
6290849-2782619-4405eca34ac8acfd669c5563
3f0f3a98037-CC-4356-20090807185335712904

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail USPTO Contact Center (UCC).*

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

Document Description: **Specimens**
Mail / Create Date: **07-Aug-2009**

Previous Page    Next Page    You are currently on page 1   of 3



This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail* TrademarkAssistanceCenter@uspto.gov, *or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail* TDR@uspto.gov. *If outside of the normal business hours of the USPTO, please e-mail* Electronic Business Support, *or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail* USPTO Contact Center (UCC).

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*